**Raja Aftab AKBAR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–73565.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2013.*

March 25, 2013.

Saad Ahmad, Fremont, CA, for Petitioner.

OIL, Edward Earl Wiggers, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Raja Aftab Akbar, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen and to reissue its previous decision based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We grant the petition for review and remand to the BIA.

The BIA abused it discretion in denying Akbar's motion to reopen and reissue. The BIA erred in finding that Akbar is barred from discretionary relief under 8 U.S.C. § 1229c(d)(1)(B). Because Akbar was unaware that his counsel failed to preserve the voluntary departure period despite securing a stay of removal while his prior petition for review was pending before this court, he did not voluntarily fail to depart during his voluntary departure period. *See Matter of Zmijewska,* 24 I. & N. Dec. 87 (BIA 2007). Akbar was therefore prejudiced by his attorney's failure to preserve his grant of voluntary departure. *See Mohammed,* 400 F.3d at 793–794 (prejudice is established when counsel's errors "may have affected the outcome of the proceedings").

We remand to the BIA for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.